## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Venetta Hale,

          Plaintiff,

v.

United States of America, et al.,

          Defendants.

Case No. 22-10300
District Judge Shalina D. Kumar
Magistrate Judge Jonathan J.C. Grey

_____/


## REPORT AND RECOMMENDATION ON NALC-AFL-CIO BRANCH NO. 3126'S MOTION TO DISMISS

Venetta Hale brings this complaint pro se against the United States of

America, NALC-AFL-CIO Branch No. 3126 ("the Branch"), and Glynis Gilder.[1]

(ECF No. 1.) Hale alleges wrongful termination, defamation, and unlawful

withholding of back pay against the United States; two breaches of the duty of fair

representation ("DFR")[2] against the Branch; and arbitrator misconduct against

---

[1] In her complaint, Hale also named the U.S. Postal Service, Postmaster General Louis DeJoy, Princiera Wilson, Amber Harris, Jeffrey T. Price, and Patrick Fox as defendants. (ECF No. 1.) The United States of America filed a notice of substitution for those defendants. (ECF No. 32.) The Court approved the substitution. (ECF No. 34.)

[2] The Court construes Venetta Hale's claim against the Branch as a breach of DFR. The Branch's brief in support of its motion to dismiss construes Hale's claim as such. (ECF No. 17.) Hale's response does not deny that her claim is a breach of DFR. (ECF No. 27.) Therefore, the Court will likewise construe her claim as a breach of DFR. Additionally, the Court has subject matter

Gilder. *Id.* On May 11, 2022, the Branch filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 17.) Hale timely responded to the motion on May 31, 2022. (ECF No. 27.) The Branch replied on June 3, 2022. (ECF No. 28.)

For the following reasons, the Court **RECOMMENDS** that the Branch's motion to dismiss be **DENIED IN PART** and **GRANTED IN PART**.

## I.    Background

Hale filed this complaint on February 14, 2022, setting out the following allegations. The United States, through its agents, made false statements alleging that Hale committed mail fraud, and those statements caused Hale to lose her job at the United States Postal Service ("USPS"). (ECF No. 1, PageID.7.) Hale further alleges that her union—the Branch—did not "fight" to save her job and did not use "all avenues" to secure her job. (*Id.*) She alleges that the Branch's failure to fight resulted in a December 12, 2020 arbitration award upholding her termination. *Id.* at 7–9. Finally, Hale states that the Branch "has not fought" for payment of Hale's back pay arbitration award. (*Id.*)

Additionally, Hale stated that she "filed [EEO]s," and she attached a written decision from the United States Equal Employment Opportunity Commission

---

jurisdiction because DFR claims raise federal questions under the National Labor Relations Act. *Breininger v. Sheet Metal Workers Int'l Ass'n Loc. Union No. 6*, 493 U.S. 67, 83 (1989).

("EEOC") issued on November 10, 2021 to her complaint. *Id.* at 8, 13–19. The EEOC's decision upheld the Administrative Judge's dismissal of Hale's Title VII claims against the USPS. *Id.* at 13–19.

In its motion to dismiss, the Branch claims that it grieved Hale's claim and pursued the grievance to arbitration. (ECF No. 17, PageID.69.) The Branch further states that on December 12, 2020, Arbitrator Glynis Gilder issued an award denying the Branch's grievance and affirming Hale's removal from her employment with the USPS. *Id.* It further alleges that on the same day, Arbitrator Gilder issued a second award to Hale, granting back pay and benefits from December 2, 2019 through February 25, 2020. *Id.* The Branch attached both written awards as exhibits to its brief. *Id.* at 76–85, 87–93.

Hale replied that the Branch did not "use all the tools in place as they have done in the past for other union paid members/employees." (ECF No. 27, PageID.112.) Hale also replied that on January 11, 2022, she filed an EEO charge on this matter and that on February 2, 2021, she filed charges with the National Labor Relations Board ("NLRB"). *Id.* Additionally, Hale claims that she did not receive a copy of the arbitration award until May 4, 2021 and stated that she received that copy from the NLRB and not the Branch or the USPS. *Id.*

## II.   Legal Standard

### A.   Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must comply with Rule 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must also illustrate the grounds of their entitlement to relief with "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). In other words, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when the plaintiff pleads facts that allow a court to draw reasonable inferences that the defendant is liable for the alleged misconduct. *Id.* (citations omitted).

Under Rule 12(b)(6), a court should dismiss a claim as time-barred by the statute of limitations only when "the statement of the claim affirmatively shows that the plaintiff can prove *no* set of facts that would entitle [them] to relief." *Gibson v. American Bankers Ins. Co.*, 289 F.3d 943, 946 (6th Cir. 2002) (emphasis in original) (citation omitted). In other words, a motion under Rule 12(b)(6) "is

generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

When assessing a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Additionally, an "[a]ssessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citations omitted). However, a court may consider "exhibits attached to [a] defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Id.* at 680–81 (citations omitted). Hale's claims against the Branch are centered around the arbitration awards; therefore, in this report and recommendation, the Court will consider the facts stated in the complaint and the two arbitration awards that the Branch attached as exhibits to its motion to dismiss. *See id.*

## B.    Statute of Limitations – Duty of Fair Representation

DFR claims have a six-month statute of limitations. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1983). A DFR claim is a hybrid claim against both an employer and a union. *McCreedy v. Loc. Union No. 971, UAW*, 809 F.2d 1232, 1236 (6th Cir. 1987). The claim accrues against the employer when it

accrues against the Union. *See id.* The statute of limitations runs from when a

claimant knows or should have known of an adverse award formally issued against

them. *See Schoonover v. Consol. Freightways Corp. of Del.*, 49 F.3d 219, 221 (6th

Cir. 1995) (citing *DelCostello*, 462 U.S. at 170–72); *Galindo v. Stoody Co.*, 793

F.2d 1502, 1509 (9th Cir. 1986) ("the claim accrues when the employee learns of

the arbitrator's award"). The claimant is required to use reasonable due diligence to

discover the acts constituting the breach. *Adkins v. Int'l Union of Elec., Radio &*

*Mach. Workers, AFL-CIO-CLC,* 769 F.2d 330, 335 (6th Cir. 1985).

     A plaintiff filing a charge of employment discrimination with the EEOC

does not toll the statute of limitations for a DFR claim because the rights afforded

an employee under a collective bargaining agreement are independent of those

protected under Title VII. *Gray v. Del Monte Corp.*, 762 F.2d 1007 (6th Cir. 1985)

(unpublished table decision) (citing *Int'l Union of Elec., Radio and Mach.*

*Workers, AFL-CIO, Local 790 v. Robbins & Meyers, Inc.*, 429 U.S. 229, 236–40

(1976)). But, a court may toll the statute of limitations for a DFR claim if the

plaintiff shows that the defendant fraudulently concealed facts to indicate that the

statute of limitations clock has not yet started. *See Noble v. Chrysler Motors Corp.,*

*Jeep Div.*, 32 F.3d 997, 1001 (6th Cir. 1994).

     As previously stated, on a claim for failure to adequately represent an

employee in arbitration, the clock starts when the employee knows or should have

known of the union's breach, i.e., in the case of a DFR claim for inadequate representation in arbitration, an adverse award. *See Schoonover*, 49 F.3d at 221–23. But when a DFR claim is for failure to seek arbitration at all or for abandoning arbitration before its resolution, the clock starts when the union takes an unequivocal position not to arbitrate or to abandon arbitration. *McCreedy v. Loc. Union No. 971, UAW*, 809 F.2d 1232, 1236 (6th Cir. 1987); *Schoonover*, 49 F.3d at 221 n.1 (noting that abandonment of arbitration is governed by the *McCreedy* rule).

In *McCreedy*, the plaintiffs, former employees, sued their union for a breach of its duty of fair representation when the union refused to arbitrate the plaintiffs' grievance that the employer laid them off in violation of the collective bargaining agreement. 809 F.2d at 1233. Since Hale is suing the Branch for breach of DFR for failure to pursue her back-pay award, through arbitration or otherwise, the Court will apply the *McCreedy* rule; thus, this action accrued when the Branch unequivocally decided not to pursue Hale's back-pay or to abandon that effort entirely. *McCreedy*, 809 F.2d at 1236; *see also Schoonover*, 49 F.3d at 221 n.1.

## III.  Analysis

Hale has provided a short and plain statement of a claim entitling her to relief for one of her DRF claims against the Branch; thus, she has met the requirements of Rule 8(a)(2) for that claim. After accepting the allegations in the

complaint as true and construing the complaint in the light most favorable to Hale, the Court finds that Hale *can* prove a set of facts that one of her DFR claims is timely. *Gibson*, 289 F.3d at 946. Further, a motion to dismiss "is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Cataldo*, 676 F.3d at 547. Therefore, the Court finds that the statute of limitations bars only one of Hale's DFR claims.

Hale makes two DFR claims against the Branch: (1) a breach of duty to adequately represent her during arbitration and (2) a breach of duty to adequately assist Hale in collecting her back pay award.

The first claim's statute of limitations clock started on December 12, 2020, the day Hale states in her complaint that she received her adverse award upholding her termination.[3] *See Schoonover*, 49 F.3d at 221–23. Hale did not file this lawsuit until February 14, 2022, well past the six-month statute of limitations. Therefore, Hale's first DFR claim against the Branch is time-barred.[4]

---

[3] In her reply to the Branch's motion to dismiss, Hale provided additional facts that she did not receive her award until May 4, 2021, and that it was sent by the NLRB. (ECF No. 27, PageID.114.) Additionally, in the same reply, Hale adds that she filed a complaint with the NLRB. *Id.* Finally, Hale added a new claim in the reply that the Union purposefully withheld the arbitration award letter from her. *Id.* The Court cannot accept those facts as true because they are not in the complaint. *Rondigo*, 641 F.3d at 680. Those facts likely would not have made a difference because Hale admits she received her award on May 4, 2021, a month before August 14, 2021—six months before this case was filed. *Schoonover*, 49 F.3d at 221–23. Nor would Hale filing charges with the NLRB have tolled the statute of limitations. *Adkins*, 769 F.2d at 335.
[4] In her complaint, Hale stated that she filed "[EEO]s" (ECF No. 27, PageID.114), but these filings would not toll the statute of limitations. *Gray*, 762 F.2d at 1007.

As for Hale's second claim that the Branch did not adequately pursue the payment of her award, it is unclear from the complaint when the clock started to run because Hale does not state when she discovered the Branch's breach or when the Branch made an unequivocal statement not to assist her in pursuing her back pay award. The Court must view the complaint in the light most favorable to Hale, and in that light, she *could prove a set of facts* showing that she did not know or should not have known about the Branch's unequivocal stance not to pursue her award until August 14, 2021—six months before this lawsuit was filed and within the statute of limitations. *Gibson*, 289 F.3d at 946.

The Branch claims that its alleged inaction from December 12, 2020 to August 14, 2021, the nine months between the issuance of the award and the date of accrual that would make this case timely, should have been enough time to put Hale on notice of the breach. *See Gately v. Textron, Inc.*, 125 F.3d 855 (6th Cir. 1997) (unpublished table decision).

In *Gately*, at the time of the plaintiff's layoff, the plaintiff consulted with her union, which told her that "her chances of [a successful grievance] were slim," and decided not to file a grievance. *Id.* Six months after her layoff, she discovered that the union had successfully represented a similarly situated individual. *Id.* Based on that information, the plaintiff filed a grievance a year after her layoff and her lawsuit six months after that. *Id.* The court held that her suit was untimely because

9

she should have known of the breach when she first consulted with the union or, alternatively, should have known in the ensuing year and a half since protracted inaction can be enough to put a reasonable person on notice of a breach. *Id.*

*Gately* is inapplicable here for two reasons. First, in that case, the union gave an unequivocal statement not to represent the plaintiff right after she was laid off. *Id.* (stating that the plaintiff knew of the union's intent not to represent her after her initial consultation). Second, the *Gately* decision occurred on appeal of an adverse summary judgment ruling, with a record developed enough to determine when the plaintiff knew or should have known about the breach. *Id.* Therefore, *Gately* does not weigh in favor of dismissal of Hale's second claim. *See id.*

Additionally, Hale contends she only received the back pay award on May 4, 2021. (ECF No. 27, PageID.114.) While the Court cannot accept that statement as true, since it is not in the complaint, Hale's assertion does illustrate the existence of a set of facts where she would not be on notice of the Branch's unequivocal stance not to pursue her back pay award until at the earliest May 4, 2021, one month before the complaint would be timely. Given that there are possibilities where Hale reasonably, but inaccurately, believed the Branch was pursuing her back pay award on or after May 2021, the Court finds that Hale could prove a set of facts that she

did not know and should not have known about the Branch's breach until August 14, 2021.[5]

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss is not an available vehicle to dismiss this second claim; therefore, the Court finds that Hale's second DFR claim is not time-barred. *See Cataldo*, 676 F.3d at 547.

## IV.   Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that the Branch's motion to dismiss (ECF No. 17) be **DENIED IN PART** and **GRANTED IN PART**, and that Hale's first DFR claim against the Branch be **DISMISSED**.

Dated:  September 27, 2022            s/**Jonathan J.C. Grey**
                                     Jonathan J.C. Grey
                                     United States Magistrate Judge

---

[5] The Court notes that the Branch claims it can produce evidence that it did in fact grieve the USPS's delay in paying Hale her award. (ECF No. 17, PageID.70 n.2.) However, at the motion to dismiss stage, the Court cannot accept those facts as true and will not recommend dismissal based on that assertion. *Rondigo*, 641 F.3d at 680.

11

## Notice to the Parties About Objections

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must precisely specify the provision of this Report and Recommendation objected to. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

12

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 27, 2022.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager

13