**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Venetta Hale,

        Plaintiff,                         Case No. 22-10300
                                         District Judge Shalina D. Kumar

v.                                        Magistrate Judge Jonathan J.C. Grey

United States of America, et al.,

        Defendants.

_____/


## REPORT AND RECOMMENDATION ON THE UNITED STATES' MOTION TO DISMISS (ECF No. 33)

      Venetta Hale brings this complaint pro se against the United States, NALC-AFL-CIO Branch No. 3126 ("the Branch"), and Glynis Gilder.[1] (ECF No. 1.) Hale alleges wrongful termination, defamation, unlawful withholding of back pay, and an assortment of other claims against the United States; two breaches of the duty of fair representation (DFR) against the Branch; and arbitrator misconduct against Gilder. *Id.* On July 1, 2022, the United States filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 33.) Hale timely

---

[1] Hale also named the United States Postal Service, Postmaster General Louis DeJoy, Princiera Wilson, Amber Harris, Jeffrey T. Price, and Patrick Fox as defendants ("other federal defendants"). (ECF No. 1.)  The United States filed a notice of substitution for those defendants. (ECF No. 32.) The Court approved the substitution. (ECF No. 34.)

responded to the motion on August 11, 2022. (ECF No. 38.) The United States

timely replied on August 15, 2022. (ECF No. 41.)

For the following reasons, the Court **RECOMMENDS** that the United

States' motion to dismiss be **GRANTED** and that Hale's claims against the United

States be **DISMISSED**.

## I.    Background and Procedural Posture

Hale filed this complaint on February 14, 2022, setting out the following

allegations. The United States[2], through its agents, made false statements alleging

that Hale committed mail fraud, causing the United States Postal Service (USPS)

to terminate Hale's employment. (ECF No. 1, PageID.7.) Additionally, Hale

claims that the United States, through its agents, "violated [Hale's] civil rights."

(*Id.*) On the civil cover sheet filed with the complaint, Hale checked boxes for

claims based on franchise contracts; "assault, libel & slander" (circling slander);

labor relations; Employee Retirement Income Security Act (ERISA); other

---

[2] In response to the United States' motion to dismiss, Hale also challenges the substitution of the United States as the sole federal defendant for the other federal defendants (ECF Nos. 32, 34), stating, "the United States should not be granted to represent" the other federal defendants. (ECF No. 38, PageID.175.) As the government correctly points out, an Attorney General's scope-of-employment certification is subject to review by the court, but plaintiffs challenging the certification must produce some evidence that the federal employees were acting outside the scope of their duties during the alleged acts. *Singleton v. United States*, 277 F.3d 864, 871 (6th Cir. 2002), overruled on other grounds by *Hawver v. United States*, 808 F.3d 693 (6th Cir. 2015). Here, Hale has not produced any evidence to challenge the substitution. The United States will remain the only federal defendant in this lawsuit.

statutory actions; and arbitration. (*Id.* at PageID.10.) Further, Hale stated that the cause of action was "def of character, slander, false allegations." (*Id.*)

The government filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 34.) The government argues that the United States has not waived sovereign immunity for claims based on libel and slander and that Hale has failed to state grounds for the Court's jurisdiction. (*Id.* at PageID.153–156.) Further, the government moves to dismiss Hale's other claims for lacking the specific factual and legal allegations required to survive a Rule 12(b)(6) motion. (*Id.* at PageID.157–58.)

## II.   Legal Standard

### A. Motion to Dismiss for Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), the complaint must comply with Rule 8(a)(2), which requires a short and plain statement of a claim showing that the pleader is entitled to a judgment granting relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must illustrate the grounds of their entitlement to relief with "more than labels and conclusions." *Id.* at 555 (citations omitted). Plain statements of the requirements for a legal claim will not do. *Id.* at 555 (citations omitted). In other words, the complaint must contain "sufficient factual matter" to create a plausible legal claim. *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 678 (citations omitted). A claim is plausible when the plaintiff states facts that allow a court to draw reasonable inferences that the defendant is liable for the alleged misconduct. *Id.* (citations omitted). Courts hold complaints written by pro se plaintiffs to a less stringent standard than ones drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even for pro se plaintiffs, "more than bare assertions of legal conclusions" is still required. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

When assessing a motion to dismiss under Rule 12(b)(6), the Court must give the plaintiff the benefit of the doubt and must accept all the plaintiff's allegations in the complaint as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Additionally, when deciding whether to dismiss a case, a court will generally only rely on the facts or claims stated in the complaint. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citations omitted).

### B. Sovereign Immunity

A plaintiff cannot sue the United States unless the United States allows it. This is the principle of sovereign immunity. *United States v. Lee*, 106 U.S. 196, 204 (1882). The United States may waive its sovereign immunity by consenting to a lawsuit. *United States v. City of Detroit*, 329 F.3d 515, 520 (6th Cir. 2003). To maintain a suit against the federal government, the plaintiff must show that the United States has waived its sovereign immunity. *Gaetano v. United States*, 994

4

F.3d 501, 509 (6th Cir. 2021) (citations omitted). However, when the United States has waived sovereign immunity but includes exceptions to the waiver, the government must show that the exceptions apply. *Id.* (citations omitted). The government must do so only if the plaintiff's allegations do not *clearly* fall within an exception. *Id.*

Plaintiffs must show that the Court has the authority to hear their claims. *Gaetano*, 994 F.3d at 505 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). A claim of sovereign immunity challenges the court's authority, otherwise known as subject matter jurisdiction, to hear claims against the government. *Skidmore v. Access Group, Inc.*, 149 F. Supp. 3d 807, 809 (E.D. Mich. 2015) (citing *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009)). A challenge to subject matter jurisdiction is properly raised by a Rule 12(b)(1) motion. *Id.* The court must consider a Rule 12(b)(1) motion before considering the Rule 12(b)(6) motion because the Rule 12(b)(6) challenge to the sufficiency of the complaint is unnecessary if the court lacks authority to hear the claims in the first place. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

An attack on subject matter jurisdiction may challenge the complaint as a whole, also known as facial attack, or an attack may challenge the facts in the complaint, also known as a factual attack. *Skidmore*, 149 F. Supp. 3d at 809 (citing

5

*United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). In a facial challenge, the court will accept the facts in the complaint as true and give the plaintiff the benefit of the doubt. *Id*. (quoting *Ritchie*, 15 F.3d at 598). A factual attack challenges the factual existence of the court's authority. When evaluating a factual challenge, the court does not have to accept the facts in the complaint and may weigh the evidence to determine if subject matter jurisdiction exists. *Id.* (quoting *Ritchie*, 15 F.3d at 598). The United States motion to dismiss is a facial challenge to Hale's complaint. Thus, the Court can decide the issue of sovereign immunity on the allegations in the complaint alone.

## III.   Analysis

### A. Libel and Slander

Hale alleges that the Court has jurisdiction because of the diversity of citizenship between the parties under 28 U.S.C. § 1332. (ECF No. 1, PageID.3.) Hale never states that the United States has waived its sovereign immunity for the claims alleged nor provides any support to establish waiver. Even when accepting all the facts in the complaint as true and giving Hale the benefit of the doubt, the Court finds that Hale failed to establish a waiver of the United States' sovereign immunity.

6

Under the Federal Torts Claims Act (FTCA)[3], the United States generally waives its sovereign immunity and accepts liability for tort claims. 28 U.S.C. § 2674. The FTCA contains exceptions to the general waiver. The most relevant is the exception for the tort claims of libel and slander. *Id.* § 2680(h). Claims of libel and slander against the government require a plaintiff to demonstrate that the United States waived its sovereign immunity under a statute other than the FTCA.

Hale states a claim for "def of character, slander, [and] false allegations." (ECF No. 1, PageID.10.) The Court construes Hale's first listed claim as one for defamation of character based on the similarity of the subsequent two claims listed in close sequence. Therefore, Hale's claims are *clearly within* FTCA's exceptions, and the United States has not waived its immunity for those claims under that statute. *Gaetano*, 994 F.3d at 509 (the United States maintains its immunity if an exception applies); *Rector v. United States*, 243 Fed. Appx. 976, 979-80 (6th Cir. 2017) (defamation claims are specifically exempted from the waiver). Given that Hale's complaint does not specify a statute waiving the United States' sovereign immunity, Hale has not established waiver. Therefore, the Court

---

[3] Hale does not state that the claims are made under the FTCA, rather as the government correctly notes, if Hale makes any plausible claims, they are tort claims. The United States' waiver of tort claims is governed by the FTCA.

7

**RECOMMENDS** that Hale's claims for libel and slander be **DISMISSED** for lack of subject matter jurisdiction.[4]

### B. Hale's Claims Based on Franchise Contract, Labor Relations, ERISA, Other Statutory Actions, Arbitration, Civil Rights, and Other Unspecified Claims

Hale made factual and legal allegations implicating additional claims against the United States. (ECF No. 1.) Many of these allegations are bare assertions of legal conclusions, such as federal employees "violated [Hale's] civil rights" and "conspired . . . [to] bring harm to [Hale]". (*Id.* at PageID.7–9). Additionally, Hale checked boxes on the cover sheet indicating that the nature of the suit involved franchise contracts, labor relations, ERISA, other statutory actions, and arbitration. (ECF No. 1, PageID.10.) For these generic legal claims, Hale did not state facts that support them. *See Iqbal*, 556 U.S. at 678 (labels and conclusions are not enough to meet the requirements for a complaint). Even under the lower standard for pro se plaintiffs, these allegations fall short of the requirements because they

---

[4] Hale indicates in response to the motion to dismiss that the claims against the government are for gross negligence or recklessness, claims which the United States *has* waived immunity for under the FTCA. *See* 28 U.S.C. § 2680. But those claims cannot be accepted by the Court because they are not stated in the complaint. *Rondigo*, 641 F.3d at 680 (holding that generally, the court will not consider facts or claims made outside of the complaint when deciding a motion to dismiss). Further, the factual allegations in the response still implicate the intentional tort of defamation rather than negligence or recklessness. (ECF No. 38.)

are bare legal assertions. *See Grinter*, 532 F.3d at 577 (stating the limits of the lower standard for pro se plaintiffs).

Hale also makes factual allegations not tied to any specified legal claim, for example, allegations that the federal defendants "tried to get [Hale] convicted"; "had [Hale] on a monthly monitor for over a year"; performed an improper investigation; ignored "harassment that [Hale] endured and complained about"; failed to timely pay a back pay award; and conducted a "home visit invading [Hale's] personal home." (ECF No. 1, PageID.7–9.) These allegations do not save Hale's complaint. First, Hale bears the burden of establishing the United States' waiver of sovereign immunity and has failed to provide support to establish waiver for these additional claims. Second, these statements do not give the United States fair notice of which laws were allegedly violated, how they were violated, or whether Hale is entitled to relief for any possible violations. *See Twombly*, 550 U.S. at 555 (requirements for the claims in a complaint). Hale's complaint has failed to meet the burden of providing a short and plain statement establishing that Hale is entitled to relief. *See id.*

Therefore, the Court **RECOMMENDS** that all of Hale's other claims be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and for failure to state a claim.

9

## IV.   Conclusion

For the above reasons, the Court **RECOMMENDS** that the United States'

motion to dismiss (ECF No. 33) be **GRANTED**, and that Hale's libel and slander

claims be **DISMISSED WITH PREJUDICE** and that all other claims against the

United States be **DISMISSED WITHOUT PREJUDICE**.


Dated:  December 27, 2022              <u>s/**Jonathan J.C. Grey**</u>
                                       Jonathan J.C. Grey
                                       United States Magistrate Judge


### Notice to the Parties About Objections

Within 14 days of being served with a copy of this Report and
Recommendation, any party may object to and seek review of the proposed
findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D.
Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right
of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505,
508 (6th Cir. 1991). Only specific objections to this Report and Recommendation
are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health
& Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be
labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must
precisely specify the provision of this Report and Recommendation objected to. In
accordance with Local Rule 72.1(d), copies of objections must be served on this
Magistrate Judge.

A party may respond to another party's objections within 14 days after
service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be
concise and address each issue raised in the objections in the same order and
labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If
the Court determines that any objections are without merit, it may rule without
awaiting the response.

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 27, 2022.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager