UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VENETTA HALE,

    Plaintiff,

v.

NALC-AFL-CIO BRANCH NO.
3126 and GLYNIS GILDER,

    Defendants.
_____/

Case No. 4:22-cv-10300
District Judge Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT GLYNIS GILDER'S MOTION TO DISMISS (ECF No. 43)[1]

### I.     Introduction

This is an employment case. Plaintiff Venetta Hale (Hale), proceeding *pro se*, filed a complaint against numerous federal defendants[2] as well as NALC-AFL-CIO Branch No. 3126 (the Branch), and Glynis Gilder (Gilder). Hale is a former employee of the United States Postal Service (Post Office). She alleges that the

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Hale named the United States Postal Service, Postmaster General Louis DeJoy, Princiera Wilson, Amber Harris, Jeffrey T. Price, and Patrick Fox as defendants. *See* ECF No. 1. The Court later substituted the United States as the sole federal defendant. (ECF No. 34).

1

Post Office and individual federal defendants wrongfully terminated her, defamed her, and unlawfully withheld her backpay. She also alleges that the Branch breached its fiduciary duty during the grievance process. Finally, she takes issue with Gilder, the arbitrator presiding over her grievance process, who upheld her termination. *See* ECF No. 1.

As will be explained, only two of Hale's claims remain: (1) her claim against the Branch for breach of the duty of fair representation regarding the Branch's assistance in collecting Hale's backpay award; and (2) her claim against Gilder for upholding her termination at arbitration. Pretrial proceedings have recently been referred to the undersigned. (ECF No. 56). Before the Court is Gilder's motion to dismiss. (ECF. No. 43). For the reasons that follow, it is RECOMMENDED that Gilder's motion be GRANTED.

## II. Background

### A. Factual Background

The following facts are gleaned from the complaint and documents in the record, which are integral to Hale's claims and therefore may be considered on a motion to dismiss. *See Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007); *Meeks v. Larsen*, 999 F. Supp. 2d 968, 975 (E.D. Mich. 2014), *aff'd*, 611 F.App'x 277 (6th Cir. 2015).

Hale worked as a letter carrier at the Post Office's location in Farmington

Hills, Michigan. (ECF No. 1, PageID.13). On February 26, 2020, the Post Office issued a notice that it was removing Hale from employment for "conduct unbecoming a postal employee." (*Id*., PageID.14). The Branch grieved her removal and pursued the grievance to arbitration. (ECF No. 17-1, PageID.76).

On December 12, 2020, in Case J16N-4J-D 20188906, Gilder issued an award denying Hale's grievance and sustaining the Post Office's decision to remove Hale from employment. (ECF No. 17-1). Gilder issued a second award the same day, finding that although the Post Office had just cause to place Hale on off-duty status on November 18, 2019, it lacked just cause to keep her off duty for the one-hundred days it took the Post Office to issue her the notice of removal on February 26, 2020. (ECF No. 17-2). Accordingly, in Case No. J16N-4J-D 20036677, Gilder issued an award requiring the Post Office to pay Hale backpay and benefits for the period of December 2, 2019 through February 25, 2020. (*Id*., PageID.93).

Hale also filed an agency complaint with the EEOC, claiming that she was terminated in retaliation for engaging in prior protected activity in violation of Title VII. An Administrative Law Judge ultimately entered summary judgment in favor of the Postal Service. Hale appealed, and the decision was upheld. Hale was also informed of her right to file a civil action, which she did. *See* ECF No. 1, PageID.13-19).

On the civil cover sheet filed with the complaint, Hale checked boxes for claims based on franchise contracts; "assault, libel & slander" (circling slander); labor relations; Employee Retirement Income Security Act (ERISA); other statutory actions; and arbitration. (ECF No. 1, PageID.10). Further, Hale stated that the cause of action was "def of character, slander, false allegations." (*Id*.).

### B.  Procedural History

Following the filing of her complaint on February 14, 2022, (ECF No. 1), pretrial proceedings were referred to a magistrate judge, (ECF No. 8). Because Hale failed to timely submit service documents, on April 19, 2022, the magistrate judge ordered Hale to show cause why the complaint should not be dismissed for failure to prosecute. (ECF No. 10). On April 21, 2022, Hale responded to the show cause and completed service documents. (ECF Nos. 11-13).

On May 11, 2022, the Branch filed a motion to dismiss. (ECF No. 17). Hale filed a response on May 31, 2022. (ECF No. 27). The Branch then filed a reply. (ECF No. 28).

Meanwhile, on June 30, 2022, the individual federal defendants and the Post Office filed a notice of substitution of the United States as a defendant. (ECF No. 32). On July 1, 2022, the same defendants filed a joint motion to dismiss. (ECF No. 33). On July 5, 2022, the United States was substituted as a defendant. (ECF No. 34). On August 11, 2022, Hale filed a response to the motion to dismiss.

(ECF No. 38). The United States then filed a reply. (ECF No. 41).

On August 15, 2022, the magistrate judge entered an order requiring Gilder to file an answer or otherwise respond to Hale's complaint by September 6, 2022. (ECF No. 40). On August 31, 2022, Gilder filed the instant motion to dismiss. (ECF No. 43).

On September 27, 2022, the magistrate judge issued a report and recommendation, recommending that the Branch's motion to dismiss be granted in part and denied in part. (ECF No. 44). The district court adopted this recommendation, leaving Hale's breach of fiduciary duty claim regarding the Branch's assistance in collecting her backpay award as her only surviving claim against the Branch. (ECF No. 45).

On December 27, 2022, the magistrate judge issued a report and recommendation on the United States' (as the substituted party) motion to dismiss, recommending that the motion be granted on the grounds of sovereign immunity on Hale's state law claims and failure to state a claim on Hale's other claims. (ECF No. 49). The district court adopted this recommendation and dismissed Hale's claims against the United States. (ECF No. 52).

On March 10, 2023, the case was reassigned to the undersigned as the magistrate judge. *See* Text-Only Order of Reassignment. A few days later, pretrial proceedings were referred to the undersigned. (ECF No. 56). The

undersigned's review of the docket showed that on January 13, 2023, Hale filed a document styled and docketed as a "response" to Gilder's motion to dismiss, (ECF No. 50), as well as a motion, (ECF No. 51). In both filings, Hale explained that she could not file a response to Gilder's motion to dismiss because she had not received a copy of it and she requested more time to file a response. The undersigned therefore entered an order granting Hale's motion for an extension of time, mailed her a copy of Gilder's motion, and directed Hale to file a response to Gilder's motion by April 13, 2023. (ECF No. 55). On April 11, 2023, Hale signed and dated a filing which the Clerk's Office docketed as a "Letter" on April 17, 2023. (ECF No. 57). Hale's "Letter" will be construed as a response to Gilder's motion.

### III.    Legal Standard for Dismissal

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations,"

but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

IV. Analysis

7

Gilder says that the complaint fails to state a plausible claim for relief against her and regardless that any claim would be barred by arbitral immunity.[3]

As to failure to state a claim, Gilder correctly notes that the complaint makes only one reference to her, alleging that "the arbitrator Gilder did not take the time out to look into the matter she just sided with the Post Office and helped them take my job." (ECF No. 1, PageID.9). It is unclear what claim Hale is attempting to assert against Gilder. At best, Hale expresses dissatisfaction with Gilder's decision to uphold her termination. This single, vague, allegation is not sufficient to state a plausible claim for relief. The complaint is therefore subject to dismissal on this ground.

As to immunity, it is well-established that someone who conducts an arbitration is protected from being sued to the same extent that a judge is generally given immunity from judicial review. The Sixth Circuit has explained:

> The Supreme Court has long recognized that there are certain persons whose special functions require a full exemption from liability for acts committed within the scope of their duties. The rationale behind the Supreme Court decisions is that the independence necessary for principled and fearless decision-making can best be preserved by protecting these persons from bias or intimidation caused by the fear of a lawsuit arising out of the exercise of official functions within their jurisdiction.

---

[3] Gilder also argues that subject matter jurisdiction is lacking because there is no complete diversity of citizenship, noting that Hale checked the box marked "diversity of citizenship" as the basis for jurisdiction. The undersigned declines to consider this argument.

> \* \* \*
>
> The Court [in *Butz v. Economou*, 438 U.S. 478, 512 (1978)] said that the relevant consideration in evaluating whether immunity should attach to the acts of persons in certain roles and with certain responsibilities was the "functional comparability" of their judgments to those of a judge.
>
> \* \* \*
>
> The functional comparability of the arbitrators' decision-making process and judgments to those of judges and agency hearing examiners generates the same need for independent judgment, free from the threat of lawsuits. Immunity furthers this need. As with judicial and quasi-judicial immunity, arbitral immunity is essential to protect the decision-maker from undue influence and protect the decision-making process from reprisals by dissatisfied litigants.
>
> \* \* \*
>
> Because federal policy encourages arbitration and arbitrators are essential actors in furtherance of that policy, it is appropriate that immunity be extended to arbitrators for acts within the scope of their duties and within their jurisdiction. The extension of immunity to arbitrators where arbitration is pursuant to a private agreement between the parties is especially compelling because arbitration is the means selected by the parties themselves for disposing of controversies between them.

*Corey v. New York Stock Exch.*, 691 F.2d 1205, 1209-11 (6th Cir. 1982) (cleaned up).

In *Corey*, the plaintiff sought to establish liability against the New York Stock Exchange for the poor performance of investments that he had made through a stockbroker. The plaintiff elected to pursue arbitration to resolve these claims. The New York Stock Exchange sponsored the arbitration and when the plaintiff

9

was not satisfied with the result of the arbitration, he sued. The Sixth Circuit concluded that arbitral immunity protected the arbitrators "and the boards which sponsor arbitration" from liability. *Id*. at 1209; *see also Int'l Union v. Greyhound Lines, Inc.*, 701 F.2d 1181, 1185 (6th Cir. 1983); *Cort v. Am. Arbitration Ass'n*, 795 F. Supp. 970, 973 (N.D. Cal. 1992).

Here, Hale is clearly seeking to hold Gilder civilly liable based on her role as arbitrator. The law, however, shields Gilder from liability in these circumstances. Hale has not presented any argument to the contrary. Indeed, her response does not appear to be directed at Gilder.[4] Hale's claim against Gilder–to the extent one can be discerned from the complaint–is thus barred by arbitral immunity.

V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Gilder's motion to dismiss, (ECF No. 43), be GRANTED and Hale's claim against her be DISMISSED. If this recommendation is adopted, the case will continue against the Branch on Hale's breach of the duty of fair representation regarding the Branch's assistance in collecting her backpay award.

Dated: April 24, 2023  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
 United States Magistrate Judge

---

[4] In her "response," Hale challenges the substitution of the United States as a party and argues that her tort claims against the federal employees should survive. The undersigned will not consider these arguments as they have already been rejected.

10

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without

merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 24, 2023.

                                              s/Carolyn Ciesla
                                              CAROLYN CIESLA
                                              Case Manager