UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VENETTA HALE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>NALC-AFL-CIO BRANCH NO. 3126, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 22-cv-10300<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 59), ADOPTING REPORT AND RECOMMENDATION (ECF NO. 58), AND GRANTING DEFENDANT GLYNIS GILDER'S MOTION TO DISMISS (ECF NO. 43)**

## I.   Introduction

Pro se plaintiff Venetta Hale filed this action against the United States of America, which the Court substituted for the named federal defendants, ECF No. 34, as well as NALC-AFL-CIO Branch No. 3126 (the Union Branch) and Glynis Gilder. ECF No. 1. Hale alleges wrongful termination, defamation, and unlawful withholding of back pay against the United States; two breaches of the duty of fair representation against the Union Branch; and arbitrator misconduct against Gilder. *Id.* This case was

referred to Magistrate Judge Kimberly G. Altman for all pretrial matters pursuant to 28 U.S.C. § 636(b). ECF Nos. 8, 56.

Gilder filed a motion to dismiss. ECF No. 43. After moving for and receiving an extension of time to respond, Hale submitted a letter, which the magistrate judge construed as a response to Gilder's motion to dismiss. ECF No. 58. On April 24, 2023, the magistrate judge issued a Report and Recommendation (R&R). ECF No. 58. The R&R recommends the Court grant Gilder's motion to dismiss. *Id.* On May 9, 2023, Hale filed objections to the R&R. ECF No. 59. Gilder filed no response to Hale's objections.

## II.   Analysis

When a party files objections to an R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the R&R releases the Court from

its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.

*Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (internal citations, quotations, and marks omitted).

Although Hale failed to number her objections, she appears to have two objections. Hale first objects to the magistrate judge "trying to dismiss the case due to the [e-filing] Rules not being properly followed." ECF No. 59, PageID.365. However, the magistrate judge does not recommend dismissal for that reason. Instead, the magistrate judge determined that Hale failed to state a claim against Gilder because Hale's single allegation about Gilder does not plausibly state any claim and arbitral immunity protects Gilder regardless. Even if the Court sustained Hale's objection that it is unfair to dismiss her case based on procedural rule violations, the magistrate judge's conclusions would still require dismissal. Therefore, the Court overrules Hale's first objection.

Hale's second objection is a single sentence: "Two Rules have been broken (1) sovereign immunity and (2) substitution." ECF No. 59, PageID.366. The Court finds this conclusory objection unclear and unspecific as to which of the R&R's conclusions it challenges. In this case, sovereign immunity and substitution would be issues relating to the United States, whose motion to dismiss the Court has already granted. ECF No. 52. Hale's second objection has nothing to do with Gilder or the recommendation to dismiss Hale's claim against Gilder. Therefore, the Court overrules Hale's second objection.

### III. Conclusion

The Court **OVERRULES** Hale's objections (ECF No. 59) and **ADOPTS** the magistrate judge's R&R. ECF No. 58.

Accordingly, **IT IS ORDERED** that Gilder's motion to dismiss (ECF No. 43) is **GRANTED** and Hale's claim against Gilder is **DISMISSED**. The case will continue against the Union Branch on Hale's claim for breach of the duty of fair representation.

Dated: July 11, 2023

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge