UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VENETTA HALE,

        Plaintiff,

v.

NALC-AFL-CIO BRANCH NO.
3126,

        Defendant.
_____/

Case No. 4:22-cv-10300
District Judge Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 63)[1]

### I.     Introduction

This is an employment case.  Plaintiff Venetta Hale (Hale), proceeding *pro se*, filed a complaint against numerous federal defendants,[2] NALC-AFL-CIO Branch No. 3126 (the Branch), and Glynis Gilder (Gilder), the arbitrator who presided over Hale's arbitration.  Following motion practice, only claims against

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Hale named the United States Postal Service, Postmaster General Louis DeJoy, Princiera Wilson, Amber Harris, Jeffrey T. Price, and Patrick Fox as defendants. *See* ECF No. 1.  The Court later substituted the United States as the sole federal defendant.  (ECF No. 34).

the Branch remain.[3]

Hale is a former employee of the United States Postal Service (USPS).  She alleged that USPS and individual federal defendants wrongfully terminated her, defamed her, and unlawfully withheld her backpay.  She also alleged that the Branch breached its fiduciary duty of fair representation (DFR) during the grievance process.

All pretrial proceedings have recently been referred to the undersigned. (ECF No. 56).  Before the Court is the Branch's motion for summary judgment, (ECF No. 43), which is fully briefed and ready for consideration, (ECF Nos. 66, 68).  For the reasons that follow, it is RECOMMENDED that the Branch's motion be GRANTED.  If this recommendation is adopted, the case will be closed.

## II.    Background

### A.    Factual Allegations

Many of the material facts of this dispute are not in dispute.  Preceding Hale's lawsuit, Hale was employed by USPS as a letter carrier out of the Farmington Hills, Michigan facility.  (ECF No. 63-3, PageID.558, Declaration of Branch representative John Dick (Dick)).  Hale was placed on non-pay, off-duty

---

[3] The previous magistrate judge assigned to this case recommended granting the United States' motion to dismiss, which was adopted on January 20, 2023.  (ECF No. 52).  The undersigned recommended granting Gilder's motion to dismiss on April 24, 2023, (ECF No. 58), and this recommendation was adopted on July 11, 2023, over Hale's objection, (ECF No. 60).

status on November 18, 2019, and eventually removed from the position on

February 26, 2020.  (ECF No. 63-1, PageID.479, Arbitrator's First Decision).

     The Branch first pursued a grievance regarding Hale's removal under the

USPS National Agreement, which sets forth the relevant grievance-arbitration

procedure.  (*Id.*, PageID.558-559).  The arbitrator sustained the termination,

finding just cause for Hale's removal from the position.  Hale then brought a claim

against the Branch in this case, saying that it did not diligently pursue this

grievance related to her termination.  However, that issue is no longer before the

Court.  The district judge found that the six-month statute of limitations for DFR

claims had run on Hale's termination claim, so she could not pursue it in this case.

(ECF No. 44).

     At the same time, the Branch filed a second grievance for Hale, arguing that

she should not have been placed on "non-pay, off-duty status" prior to her removal.

(ECF No. 63-3, PageID.559).  The arbitrator, Gilder, found that while Hale's non-

pay, off-duty status was initially justified, her remaining in that status for three and

a half months was not reasonable.  Thus, Gilder ordered USPS to provide back pay

and benefits to Hale for the period from December 2, 2019, to February 25, 2020.

(*Id.*, PageID.559).

     Weeks later, Hale spoke to Dick, complaining that she had not received her

back pay.  (*Id.*, PageID.560).  Dick investigated the situation and found that USPS

had delayed for forty-seven days to issue the required form to Hale in order for

Hale to obtain her back pay.  (*Id.*).  The Branch then filed a third grievance for

Hale regarding this delay on February 11, 2021.  (*Id.*).  That grievance was

sustained in an April 13, 2021 decision and USPS was ordered to pay Hale an

additional $250 to remedy its violation.  (*Id.*).

B.    Procedural History as to the Branch

Early in this case, on May 11, 2022, the Branch moved to dismiss Hale's

claims against it as time-barred by the statute of limitations for DFR claims.  (ECF

No. 17).  The magistrate judge then assigned to the case issued a report and

recommendation (R&R) recommending that the motion be granted as to Hale's

claim that the Branch did not adequately represent her during arbitration leading to

her termination, but denied as to her claim that the Branch did not adequately

pursue the payment of her back pay award.  (ECF No. 44).  Although in the motion

to dismiss the Branch argued that it did in fact grieve Hale's claims and pursued

the grievances to arbitration, the magistrate judge concluded that in taking the

allegations of the complaint as true and interpreting them in the light most

favorable to Hale, she had stated a claim.  (*Id.*).  Neither Hale nor the Branch

objected to the R&R.  The district court then adopted this recommendation.  (ECF

No. 45).

After the close of discovery, the Branch filed the present motion for

summary judgment on Hale's remaining claim against the Branch.  (ECF No. 63).

### III.    Summary Judgment

#### A.    Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the case under governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ."  *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion").  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' "  *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Hale is *pro se* does not reduce her obligations under Rule 56.

Rather, "liberal treatment of pro se pleadings does not require lenient treatment of

substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir.

2006).  Additionally, "once a case has progressed to the summary judgment stage,

as is true here, the liberal pleading standards under the Federal Rules are

inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020)

(quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d

784, 788 (6th Cir. 2005)) (cleaned up).

### B.    Parties' Arguments

In its motion for summary judgment, the Branch argues that there is no

genuine issue of material fact to require Hale's DFR claim to go to trial.  The

Branch notes that it filed three grievances on her behalf, two of which were

sustained.  Further, the Branch says it has verified that Hale's back pay was paid

on May 24, 2022, in the amount of $13,151.21, with an additional $40.01 in

interest paid on June 16, 2022.  (ECF No. 63-3, PageID.561).  Indeed, Hale

admitted in her response to the Branch's interrogatories that she has received "13

thousand" as a result of the arbitration award and that as of August 22, 2023, USPS

did not owe her additional money.  (ECF No. 63-1, PageID.514-516).

In response, Hale says that the Branch did not act reasonably and within its

DFR in its attempts to obtain her back pay from USPS in a timely manner; that

someone with USPS had it out for her; and that the Branch did not act on this

information, which would have allowed her to obtain back pay sooner.  (ECF No.

66).  As she puts it, "[the Branch] did nothing to help me in these matters which

caused me hardship as well as pain & suffering[.]"  (*Id.*, PageID.594).

IV.    Discussion

A.    Standard

In DFR cases, a court's review of the union's conduct is "highly

deferential."  *Roseman v. Int'l Union, United Auto., Aerospace & Agric. Implement*

*Workers of Am.*, No. 20-2151, 2021 WL 4931959, at *5 (6th Cir. July 14, 2021).

Accordingly, "the burden of proof [Hale] face[s] is very heavy."  *Kosa v. Int'l*

*Union United Auto., Aerospace & Agric. Implement Workers of Am.*, 784 F. App'x

406, 418 (6th Cir. 2019).

A union's duty of fair representation follows a "tripartite standard": Hale

must show that the union acted "arbitrarily," "discriminatorily," or "in bad faith."

*Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 619 (6th

Cir. 2010).  "In order to successfully defend against a motion for summary

judgment on a [DFR] claim, the plaintiff must point the court to evidence in the

record supporting at least one of these elements."  *Id.*

A DFR plaintiff must also prove causation, meaning that "the union's

actions resulted in actual harm."  *Kosa*, 784 F. App'x at 418; *see also Bowerman v.*

7

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., Loc. No. 12*, 646 F.3d 360, 368 (6th Cir. 2011) ("In addition, to recover for a breach of the duty of fair representation, the plaintiff must demonstrate injury); *Black v. Ryder/P.I.E. Nationwide, Inc.,* 15 F.3d 573, 585 (6th Cir. 1994) (noting that a union's failure to present favorable evidence during a grievance procedure is actionable only if such evidence would have brought about a different result).

B.    Application

The Branch has submitted evidence showing that it grieved both Hale's removal from her position and her placement and time spent on non-pay, off-duty status.  (ECF No. 63-3, PageID.559).  These issues were submitted to arbitration, and while the arbitrator found that Hale's termination was justified, her three and a half month non-pay, off-duty status was not.  (ECF No. 63-1, PageID.478-494). The actions of the Branch led directly to an award that Hale be made whole, including back pay and benefits, for the period beginning December 2, 2019, until February 25, 2020.  (*Id.*, PageID.494).  Then, on February 11, 2021, the Branch grieved the delay in USPS providing Hale with the back pay form.  (*Id.*, PageID.498-501).  This resulted in an April 2021 decision that Hale would be paid $250 for the delay, in addition to the back pay she was already owed.  (*Id.*, PageID.503-504).  USPS paid Hale a net amount of $13,151.21 in back pay on May 24, 2022, and an additional $40.01 in interest on June 16, 2022.  (*Id.*,

PageID.506-509; ECF No. 63-3, PageID.561).  There is no evidence that Hale

requested any further assistance from the Branch to obtain her back pay sooner,

and Dick attests that he is unaware of any communications between Hale and the

Branch after the April 2021 decision regarding back pay.  (ECF No. 63-3,

PageID.560).

The evidence submitted by the Branch rebuts Hale's allegation that "the

Union has not fought for me to get my money," (ECF No. 1, PageID.8), as well as

her response to its motion in which she states that "NALC Branch 3126 did

nothing to help me in these matters" (ECF No. 66, PageID.594).  Hale contends

that a man named Jeffrey Price with USPS "had it out for [her]" and caused the

delay in her back pay, and that Dick and the Branch should have raised this issue in

order to get her paid sooner.[4]  (*Id.*, PageID.598).  She has presented no evidence to

support her counterarguments.

The issue before the Court, then, is whether the Branch can show that there

is no genuine issue of material fact that it acted within its duty of fair

representation for Hale.

---

[4] It appears from the record that the Branch did in fact raise the issue—at Hale's
arbitration hearing for wrongful termination—that Jeffrey Price was both the
former postmaster at Hale's station during its investigation into her actions, and the
USPS representative at her hearing.  (ECF No. 63-1, PageID.482).  The arbitrator
found that while this was "certainly an unusual occurrence," nothing had been
shown to suggest that this state of affairs compromised the USPS investigation or
worked to Hale's detriment.  (*Id.*, PageID.482-483).

1.      Tripartite Standard

As mentioned above, Hale must show that there is a genuine issue as to whether the Branch acted (1) arbitrarily, (2) discriminatorily, or (3) in bad faith in order to prevail.  Hale cannot do so based on the record as it stands.

A union's conduct is arbitrary for purposes of its DFR only if it is "so far outside a 'wide range of reasonableness' as to be 'irrational.' " *Bowerman*, 646 F.3d at 368 (quoting *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991)).  The evidence presented by the Branch shows that it acted rationally and reasonably in representing Hale.  First, the Branch successfully grieved that Hale should be awarded back pay for the time she spent in non-pay, off-duty status, despite the arbitrator finding that her termination was justified.  Then, after being informed that Hale had not received the back pay award, Dick investigated the situation for the Branch and found that there was a delay in the USPS sending the form that Hale needed to fill out to receive back pay.  The Branch grieved this issue as well, resulting in an additional $250 to be paid to Hale for the delay.  That decision was made in April 2021, after which the Branch seemingly had no further communication with Hale.  Hale eventually received her back pay award in full, with interest.

Hale has not plausibly suggested, or provided any evidence to support, what more the Branch should have done to ensure that she received her back pay award

faster.  Hale singled out a USPS employee by name, stating that he had it out for

her and that the Branch should not have allowed him to be in charge of issuing her

back pay.  (ECF No. 63-1, PageID.538 (Hale's Deposition)).  She went on to say

that the Branch should have gone to this person's boss to initiate her payment.

(*Id.*, PageID.544).  However, Hale's own belief that this course of action was

required, supported by no additional evidence, does not make it the only rational

way for the Branch to proceed.  The Branch's allocation of resources, supported by

the belief that the facility processing Hale's back pay is understaffed and faces a

"huge backlog of back pay requests," (ECF No. 63-3, PageID.561), supports the

Branch's conduct in this matter.  Therefore, Hale has failed to show an issue of fact

that the Branch may have acted in an arbitrary manner.

As to discrimination, the complaint itself is devoid of allegations that would

support this theory of a DFR violation.  Hale does not allege that she was

discriminated against by the Branch for being black or female, or that similarly

situated individuals of other races or genders were treated differently.

Hale does spell this claim out in a response to one of the Branch's

interrogatories, stating that she was not offered the chance to retire rather than be

terminated and was given "no last chance" like other employees were.  (ECF No.

63-1, PageID.519).  However, even if the Court were to consider Hale's discovery

responses as evidence, they would not be sufficient at this stage to show an issue of

11

fact as to discrimination.

"Conduct is discriminatory if it is 'intentional, severe, and unrelated to legitimate union objectives.' " *Curtright v. FCA US, LLC*, No. 22-10449, 2022 WL 17540202, at *3 (E.D. Mich. Dec. 8, 2022) (quoting *Amalgamated Ass'n of St., Elec., Ry. & Motor Coach Emps. of Am. v. Lockridge*, 403 U.S. 274, 301 (1971)), *reconsideration denied*, 2023 WL 3025349 (E.D. Mich. Apr. 20, 2023). As noted above, Hale must "point the court to evidence in the record supporting" her claim of discrimination, *Merritt*, 613 F.3d at 619, and she may not rely solely on conclusory statements, *Danton v. Brighton Hosp.*, 533 F. Supp. 2d 724, 728 (E.D. Mich. 2008), *aff'd,* 335 F. App'x 580 (6th Cir. 2009).

Here, nothing more than conclusory statements have been offered to show the Branch's discrimination. And for the reasons set forth above, the evidence proffered by the Branch does not demonstrate severe, intentional conduct unrelated to its legitimate objectives. Therefore, Hale has failed to show an issue of fact that the Branch may have acted in a discriminatory manner.

Conduct is in bad faith if it is undertaken "with an improper intent, purpose, or motive encompassing fraud, dishonesty, and other intentionally misleading conduct." *Ohlendorf v. United Food & Commercial Workers Int'l Union, Local 876*, 883 F.3d 636, 644 (6th Cir. 2018). Hale has not presented evidence that the Branch's conduct had any improper motive or was fraudulent, dishonest, or

12

misleading. As the Branch correctly argues, Hale's theory that Jeffrey Price was responsible for the delay due to a grudge against her is entirely speculative. Her deposition speaks for itself in this regard:

> Q. Do you know why it took the postal service as long as it did to issue the backpay to you?
>
> A. I don't know why it took so long or whatever, because I'm assuming because they had the postmaster that wanted to fire me issuing the check.

(ECF No. 63-1, PageID.535).

"[C]onclusory and speculative assertions are insufficient for Plaintiff's claim to survive summary judgment." *Logan v. MGM Grand Detroit Casino*, Case No. 4:16-cv-10585, 2020 WL 5900969, at *8 (E.D. Mich. Aug. 24, 2020); *see also Papierz v. Benteler Automotive Corp.*, Case No. 21-1237, 2022 WL 154342, at *3 (6th Cir. Feb. 18, 2022) (affirming summary judgment for defendant employer when plaintiff's contentions were "entirely speculative"). Because Hale has not submitted corroborating evidence of the Branch's bad faith in representing her, her DFR claim cannot proceed on this ground.

Furthermore, Hale must have evidence at this stage to show that "the union's actions resulted in actual harm." *Kosa*, 784 F. App'x at 418. Because her claim is entirely speculative, a reasonable jury could not find that the Branch could have acted differently to avoid the delay in her back pay being received. Therefore, Hale has also failed to establish the causation element of her claim.

13

In sum, Hale has not carried her burden on summary judgment to show that that there is a genuine issue for trial.  No reasonable juror could conclude on this record that the Branch breached its DFR regarding Hale.  To the contrary, the Branch actively pursued grievances on her behalf.  The Branch is entitled to summary judgment.

V.     Conclusion

For the reasons stated above, the undersigned RECOMMENDS that the Branch's motion for summary judgment, (ECF No. 63), be GRANTED.  If this recommendation is adopted, the case will be closed.

Dated: June 7, 2024                              s/Kimberly G. Altman
Detroit, Michigan                               KIMBERLY G. ALTMAN
                                                United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

14

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 7, 2024.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager