UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VENETTA HALE,<br><br>                      Plaintiff,<br><br>v.<br><br>NALC-AFL-CIO BRANCH NO. 3126,<br><br>                      Defendant. | Case No. 22-10300<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**ORDER OVERRULING OBJECTIONS (ECF NO. 70), ADOPTING REPORT AND RECOMMENDATION (ECF NO. 69), AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 63)**

Plaintiff Venetta Hale, proceeding pro se, brought this action against numerous federal defendants, alleging wrongful termination from her position at the U.S. Postal Service and related claims. ECF No. 1. Following motion practice, the only remaining claims are against NALC-AFL-CIO Branch No. 3126 (the "Branch") for breach of the duty of fair representation during the grievance process. This case was referred to the assigned magistrate judge for all pretrial purposes. ECF No. 56.

On November 28, 2023, the Branch filed a motion for summary judgment, which the parties fully briefed. ECF Nos. 63, 66-68. On June 7, 2024, the magistrate judge issued a Report and Recommendation (R&R).

Page **1** of **3**

ECF No. 69. The R&R recommends that the Court grant the Branch's motion for summary judgment. *Id.* Hale timely filed objections to the R&R. ECF No. 70. For the following reasons, the Court overrules the objections, adopts the R&R, and grants the Branch's summary judgment motion.

When a party files objections to an R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to specifically object to conclusions in the R&R releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 144, 149 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).

Here, Hale fails to specifically object to the R&R's conclusions. Although Hale lists eight objections to the R&R, she argues only her fourth:

The Branch "did not do all that could have been done to save my job." ECF No. 70, PageID.636.  Even then, her argument amounts to conclusory restatements that the Branch did not take steps to save her job.  Because Hale fails to specifically object to a particular conclusion of the R&R, the Court has no duty to review her objections. *See Thomas*, 474 U.S. at 144, 149.

Accordingly, the Court **OVERRULES** Hale's objections (ECF No. 70). The Court has reviewed the record and hereby **ADOPTS** the R&R as the findings and conclusions of the Court. The Branch's motion for summary judgment (ECF No. 63) is **GRANTED**, and this case is closed.

Dated: July 9, 2024

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge